UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LeRoy Smithrud,

                    Plaintiff,

v.

City of Minneapolis; John and Jane Does 1-10,

                    Defendants.

Civil No. 10-4451 (JNE/JSM)

**ORDER**

LeRoy Smithrud,

                    Plaintiff,

v.

City of St. Paul; John and Jane Does 1-10,

                    Defendants.

Civil No. 10-4452 (JNE/JSM)

Plaintiff LeRoy Smithrud brought these actions against Defendants City of Minneapolis ("Minneapolis") and City of St. Paul ("St. Paul"), alleging violations of the Fair Housing Act, 42 U.S.C. § 3604(a), (f), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, among other claims. On July 11, 2011, this Court dismissed Smithrud's claims against both Defendants for lack of subject matter jurisdiction. Smithrud, proceeding *pro se*, appealed the dismissal to the Eighth Circuit Court of Appeals. On appeal, the Eighth Circuit affirmed in part, reversed in part, and remanded with instructions that the Court consider whether Smithrud's

complaints state a claim under federal law. On May 15, 2012, this Court ordered the parties to submit simultaneous briefs by June 12 on that issue. Those briefs have now been submitted.

In their briefs, both Defendants raised the issue of the two-year statute of limitations under the Fair Housing Act. *See* 42 U.S.C. § 3613 ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach."). Smithrud inquired as to his ability to respond to the Defendants' arguments, arguing that he would be prejudiced if he did not get a chance to file a response. On June 22, 2012, the Court informed Smithrud that he could file a letter with the Court by June 25 that expressly stated his request. On June 26, Smithrud submitted his letter, in which he argued that the Court abrogated the Federal Rules of Civil Procedure by denying him notice and an opportunity to defend against a motion to dismiss. Along with his letter, he also submitted a 15-page response brief and numerous affidavits and exhibits, without permission of the Court. Both Defendants requested that the Court strike these additional submissions.

As an initial matter, despite Smithrud's assertions, the Defendants' briefs did not constitute a new motion to dismiss, and Smithrud is not entitled to a full response brief. Although only Minneapolis had initially filed a motion to dismiss, the dismissal of both cases was appealed to the Eighth Circuit, and that court directed this Court to consider whether the complaints state a claim under federal law.[1] The parties were given ample notice of the Eighth

---

[1] Even though only Minneapolis had initially moved to dismiss the Complaint, and there was no pending motion to dismiss in the case against St. Paul, the Court may *sua sponte* dismiss a case pursuant to Rule 12(b)(6). *See Smith v. Boyd*, 945 F.2d 1041, 1042-43 (8th Cir. 1991).

3

Circuit's order and they were given an opportunity to submit briefs on that issue.  The Court also declines to consider the brief, affidavits and exhibits submitted along with Smithrud's letter.  Smithrud was informed that he could put his request to respond in writing, and that the Court would then consider his request—he was not permitted to file additional briefs and exhibits without the Court's permission.

However, because the issue of the statute of limitations under the Fair Housing Act was not raised in the initial motion to dismiss or on appeal, the Court finds that Smithrud would be prejudiced if not provided an opportunity to respond.  The Court therefore grants Smithrud leave to file a response on this limited issue alone.  Smithrud's response is due on or before July 20, 2012.  Defendants' replies, if they wish to file any, are due on or before July 27, 2012.[2]

IT IS SO ORDERED.

Dated: July 6, 2012

                                                    s/ Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge

---

[2] The Court notes that Smithrud makes passing reference to amending his complaints.  But he has not actually filed any motion to do so.  *See* D. Minn. LR 15.1.